(No. 36848—

JOHN A. REILLY, Appellee, *vs.* THE CITY OF CHICAGO, Appellant.

*Opinion filed March 23, 1962.*

JOHN C. MELANIPHY, Corporation Counsel, of Chicago, (SYDNEY R. DREBIN and ROBERT J. COLLINS, Assistant Corporation counsel, of counsel,) for appellant.

John P. Murray, of Chicago, for appellee.

Mr. Justice House delivered the opinion of the court:

The city of Chicago appeals from a declaratory judgment of the circuit court of Cook County holding the city's zoning ordinance void as it applies to plaintiff's property.

The first question is whether plaintiff is entitled to seek judicial intervention without having sought relief at the local level. The present zoning ordinance does not provide for use variations but permits amendments. Plaintiff contends that he therefore has no administrative remedy to pursue and that under the cases he was not obligated to first seek relief through a legislative amendment. This argument appears to be predicated upon a misinterpretation of the language and intent of *Bright* v. *City of Evanston,* 10 Ill.2d 178. The term "administrative remedy" used in *Bright* was descriptive of the local relief permitted by the ordinance there under consideration and is not intended to restrict the remedy to administrative procedure where another form of relief is more appropriate and is available.

The elementary doctrine laid down in the *Bright* case is that, except only where the validity of an ordinance as a whole is attacked, an effort must be made to obtain relief at the local community level before the plaintiff seeks relief from the courts. "The reason for such a rule is found in the practical difficulty encountered by the city council in foreseeing particular instances of hardship, when general restrictions are initially established for a given area." (*Bright* v. *City of Evanston,* 10 Ill.2d 178, 185.) It has the advantage of giving the municipal authorities an opportunity to correct invalid regulations before becoming involved in litigation.

The requirement for seeking relief at the local level is equally cogent whether the appropriate remedy be through the board of appeals or the local legislative body, and has been so recognized by this court. (See *Sinclair Pipe Line Co.* v. *Village of Richton Park,* 19 Ill.2d 370; *Liebling* v.

*Village of Deerfield,* 21 Ill.2d 196; *Herman* v. *Village of Hillside,* 15 Ill.2d 396.) Where application for an amendment has been appropriately made it is unnecessary to pursue another possible remedy. As was said in the *Richton Park* case: "An aggrieved landowner must make reasonable efforts to obtain local relief before bringing his grievance to court." (19 Ill.2d 370, 373.) Here, the plaintiff was not even faced with a choice of remedies, yet he failed to seek relief by amendment, the only procedure available to him under the ordinance. Application for relief at the local level was a prerequisite to access to the courts.

The decree of the circuit court of Cook County is reversed, and the cause is remanded with directions to dismiss the complaint.

*Reversed and remanded, with directions.*