National Brick Company, a Corporation, La Salle National Bank and Trust Company, Under Trust Agreement Dated July 1, 1955, Trust No. 18367, and La Salle National Bank and Trust Company, Under Trust Agreement Dated October 31, 1962, Trust No. 17525, Lawrence D. Levinson, et al., Plaintiffs-Appellants, v. City of Chicago, a Municipal Corporation, Defendant-Appellee.

Gen. No. 50,802.

First District, First Division.

February 19, 1968.

Maurice J. Nathanson, of Chicago (Marvin J. Glink, of counsel), for appellants.

Raymond F. Simon, Corporation Counsel, of Chicago (Sydney R. Drebin, Assistant Corporation Counsel, and Harry H. Pollack, Special Assistant Corporation Counsel, of counsel), for appellee.

MR. PRESIDING JUSTICE BURMAN delivered the opinion of the court.

Plaintiffs, National Brick Company, La Salle National Bank and Trust Company, Lawrence D. Levinson, Esther E. Levinson, Milton Levinson and Sydell Levinson, brought an action for declaratory judgment against defendant, City of Chicago. Plaintiffs sought to have certain zoning regulations of the defendant declared void in application to property owned by them, and to have declared their legal right to erect multiple-dwelling apartment buildings on the subject property. The cause was referred to a Master in Chancery to take evidence and report the same to the court, together with conclusions of fact and of law.

The Master found, inter alia, that the zoning ordinance then in effect was an arbitrary exercise of the police power in respect to the plaintiffs' property, and that a

judgment entered some years earlier was res judicata as to the respective rights of the parties. The defendant filed objections to the Master's Report which were substantially overruled by the Master. On May 10, 1965, the court entered an order sustaining the exceptions to the Master's Report and dismissing the complaint and amendment to the complaint. The court entered judgment against the plaintiffs and in favor of the defendant, ". . . and that the defendant go hence without day, with its costs so wrongfully sustained." The plaintiffs have appealed from this judgment.

The subject property consists of two parcels. Parcel 1 has a frontage on Touhy Avenue of 167 feet, and runs north for 1291 feet to a point which is approximately the south line of Jarvis Avenue, if extended westward. Parcel 2 is immediately adjacent to and north of Parcel 1. Its western boundary is an extension of the western boundary of Parcel 1. Its eastern line abuts Kedzie Avenue. Parcel 2 is 66 feet wide and runs north to Howard Avenue, a distance of 1324 feet.

Plaintiffs filed the instant suit on February 15, 1960. In 1954 National Brick Company, one of the plaintiffs in the instant action, and Franklin Weber Motors Co., Inc., filed suit to challenge the validity of the then existing zoning classification of the subject property. At the time of the 1954 action the subject property had double railroad tracks on one of its parcels and a single railroad track on another and the premises were put to industrial uses. The court in that action found that: "No part or portion of plaintiffs' tract of land . . . is suitable for family residences since to include them in said area would mean to mix them among the industries now located in the area." The court in the 1954 action further found that: "The zoning ordinance of the City of Chicago, as it purports to restrict the plaintiffs to use of said premises for family residences bears no reasonable or rational relation to the public health, safety, comfort, morals

and public welfare, and as applied to plaintiffs' property, is a capricious and void exercise of power and is, therefore, void." The court then entered an order enjoining the City of Chicago from interfering with the plaintiffs and all persons claiming under them, ". . . in the maintenance of uses on the premises aforesaid, in manner as aforesaid, in keeping with the spirit and intent of the findings and the order of the Court herein."

In 1955, the subject property was zoned in a Two-Family Residence District which limited the use of the property to detached family units, permitting two families in each unit. On May 29, 1957, the city council passed a comprehensive amendment to the then existing zoning ordinance, at which time Parcel 1 was zoned R2, Single-Family Residence District, and Parcel 2 was zoned R3, General Residence District. The defendant argues in its brief that at the time of the filing of this suit the south 140 feet of Parcel 1 was zoned R3, and that during the pendency of this action this area was rezoned to B2–1, a restricted retail district. The plaintiff asserts that at the time of the filing of this suit, Parcel 1 was zoned R2. Both parties agree that the area of Parcel 1, not included in the south 140 feet has remained R2 since 1947.

On appeal the plaintiffs contend (1) that the plaintiffs have overcome the presumptive validity of the zoning ordinance; (2) that the decision of the Circuit Court in the 1954 action should be either res judicata or estoppel by verdict against the defendant in the present action; (3) that by reason of this prior litigation and the subsequent conduct of the defendant city there was no need on the part of the plaintiffs to first exhaust their administrative remedies before bringing the instant action; (4) that they have given clear and convincing proof of the invalid application of the zoning ordinance to the subject property; (5) that the R2 and R3 zoning of the subject property is not sustained by the zoning and uses in the immediate vicinity of the subject property; (6)

195

the findings of fact and the conclusions of law of the Master should have been sustained by the Chancellor and (7) the judgment of the Chancellor is against the manifest weight of the evidence.

The City's theory is (1) that the plaintiffs have brought this suit prematurely in that they have failed to first exhaust their legislative remedy of seeking an amendment to the Zoning Ordinance through petition to the City Council; (2) that the trial court's judgment dismissing the suit is proper because the Zoning Ordinance, as applied to the subject property, is not unreasonable, arbitrary, discriminatory or unconstitutional, but is in conformity with adjoining uses and zoning; and (3) that the particular circumstances of this suit show that plaintiffs have no cause to attack the Zoning Ordinance as to Parcel 2 of the subject property.

At the outset we address ourselves to the contention by defendant that plaintiffs cannot maintain this suit because they have failed to exhaust their legislative remedy before bringing it. The record reveals that the plaintiffs did not seek a reclassification of the use restriction imposed upon the subject property by petitioning the City Council of Chicago for an amendment to the Zoning Ordinance. We believe that under the facts and circumstances of the instant case the plaintiffs should first have exhausted their legislative remedy before petitioning the courts for relief. Bright v. City of Evanston, 10 Ill2d 178, 139 NE2d 270; Reilly v. The City of Chicago, 24 Ill2d 348, 181 NE2d 175.

It is strenuously urged by the plaintiffs that their failure to seek the relief provided for by the Zoning Ordinance in § 11.9–2 by seeking an amendment does not bring the Bright rule into effect because, as they contend in their brief: "It is one thing to require a property owner to seek an administrative remedy, and it is another thing when to do so would be futile. It is submitted that for the plaintiffs in the instant proceeding

to have attempted to have the City Council amend the zoning restriction on the property in question would have been a futile effort in the face of the city's overt acts." In support of their contention the plaintiffs rely primarily on what they consider the City's continuing failure to abide by the court's decision in the 1954 litigation. Plaintiffs argue that the city, by zoning the subject property for residential use in 1955 and 1957, and for limited commercial use during the pendency of the instant case, has demonstrated that seeking an amendment would be a futile gesture.

■ As authority for their position the plaintiffs cite the case of Van Laten v. City of Chicago, 28 Ill2d 157, 190 NE2d 717, which it is claimed parallels the facts in the case at bar. We think not. In the Van Laten case the city had two opportunities to change the use classification after the filing of the action to declare the zoning classification void. The city not only failed to alter the use classification, but also acted adversely to the Master's recommendation, twelve days after the recommendation had been filed. In the instant case the defendant has apparently brought about one minor change in the zoning of the subject property during the pendency of the proceedings. However, we take judicial notice of the fact that this change in zoning took place prior to the filing of the Master's recommendation. Ill Rev Stats 1967, c 51, § 48b.

The fact that the city in the instant case may have acted adversely to the court's decision in the 1954 litigation is of little import in the disposition of the instant case when we consider, as we must, the rationale behind the Supreme Court's decision in Bright. In Bright, the court stated that the reason for the rule requiring the exhaustion of administrative remedies in zoning cases before seeking relief in the courts ". . . is found in the practical difficulty encountered by the city council in foreseeing particular instances of hardship when general

197

restrictions are initially established for a given area."
10 Ill2d at Page 185. The Bright rule gives the munici-
pal authorities an opportunity to correct invalid zoning
regulations before the regulations become the subject of
litigation. Reilly v. City of Chicago, 24 Ill2d 348, 181
NE2d 175. "The Bright rule did not stem from legisla-
tive or constitutional command, but is no more than an
expression of judicial policy prompted by the circum-
stances that zoning is legislative and administrative in
nature, not judicial . . ." County of Lake v. MacNeal,
24 Ill2d 253, at page 259, 181 NE2d 85.

The record clearly reveals that the plaintiffs' pur-
pose in bringing the 1954 suit was to have a residential-
use classification declared void as to the industrial uses
then present on the subject property. In the instant
case the city was not apprised of the plaintiffs' desire
to have the zoning regulations altered so that they might
erect apartment buildings on the subject property; the
city could not have foreseen the particular instance of
hardship which the zoning regulations were causing the
owners of the subject property. The defendant, as yet,
has not shown any resistance to the plaintiffs' desire
to have the zoning regulations changed so that apart-
ment buildings may be built. Therefore, we conclude
that the plaintiffs have not shown that their petition-
ing for an amendment would be futile, and our disposi-
tion of the instant appeal is governed by the Bright
rule and not by the Van Laten decision.

The plaintiffs further rely upon the case of Sulzberger
v. County of Peoria, 29 Ill2d 532, 194 NE2d 287.

· In Sulzberger, plaintiffs petitioned the Zoning Board
of Appeals, seeking a reclassification of the subject prop-
erty from residential to commercial. The Zoning Board
recommended to the County Board of Supervisors that
the petition be denied, and the latter body approved this
recommendation. Plaintiffs then filed a complaint for de-
claratory judgment, and the Circuit Court declared the

Zoning Ordinance unconstitutional as applied to the subject property. Subsequent to the filing of the complaint plaintiffs had entered into an agreement with certain adjoining property owners restricting the uses on the subject property, and after the Zoning Board of Appeals had submitted its recommendation certain platted streets in the subject property were vacated. The defendant contended, on appeal, that the alteration of the physical facts, i. e., the agreement entered into between plaintiffs and the adjacent property owners and the vacation of the platted streets, required the remanding of the cause so that the Zoning Board of Appeals might reconsider its original decision. The Illinois Supreme Court, in affirming the decree, held that the changes that had taken place in the subject property were not of such a fundamental or substantial nature as to require plaintiffs to resubmit the question to the legislative body: ". . . no useful purpose would be served by requiring reconsideration solely because of minor variations in the physical facts where the fundamental question remains unchanged. To do so would defeat one of the purposes of the Bright doctrine which was to prevent delay in the administration of justice." 29 Ill2d, at pages 539, 540. (Citations omitted.)

In Sulzberger the question presented for review was whether the exhaustion of administrative remedies doctrine required to re-petition to the Zoning Board of Appeals after certain changes had occurred affecting the subject property. The Supreme Court concluded that the plaintiffs having already petitioned the Board were not required to do so again. In the instant case plaintiffs never submitted their petition for changes in the zoning regulations to the local legislative authorities. The 1954 litigation cannot be considered such a petition. We believe that the facts and issues presented to the court for review in Sulzberger are dissimilar from those in the case at bar, and we conclude, therefore, that the decision in

that case does not represent persuasive authority for plaintiffs' contention in the instant case that the doctrine of exhaustion of administrative remedies does not apply to them.

We have also examined the case of Westfield v. City of Chicago, 26 Ill2d 526, 187 NE2d 208, cited by plaintiffs and find that it is factually inapplicable to the case at bar.

■ ■ We are not presented with a situation where the invalidity of a zoning regulation is raised as a defense to an enforcement action brought by the local authorities. See County of Lake v. MacNeal, 24 Ill2d 253, 181 NE2d 85. The plaintiffs in the instant case not only seek to have the zoning ordinance applied to the subject property declared void, but also seek permission to erect apartment buildings on the subject property. It is neither the province nor the duty of the courts to assume the role of a zoning body and determine the most appropriate or suitable zoning for a parcel of land. Fiore v. City of Highland Park, 76 Ill App2d 62, 221 NE2d 323. Plaintiffs must first seek the alteration of the zoning regulations from the local legislative authorities before asking the courts to intervene.

Without, therefore, expressing any opinion as to the merits or other points raised, we hold that under the facts of the instant case, the resort by plaintiffs to the courts was premature, and the judgment of the Circuit Court must therefore be affirmed.

Affirmed.

ADESKO and MURPHY, JJ., concur.