American National Bank & Trust Company of Chicago, As Trustee Under Trust No. 20695 Dated September 2, 1964, and Trevor R. Bricker and Darlene L. Bricker, His Wife, and Louise V. Morgan, Plaintiffs-Appellees, v. City of Chicago, a Municipal Corporation, Defendant-Appellant.

Gen. No. 52,145.

First District, First Division.

October 13, 1970.

Raymond F. Simon, Corporation Counsel of City of Chicago (Marvin E. Aspen and Howard C. Goldman, Assistant Corporation Counsel, of counsel), for appellant.

No brief for appellees.

MR. PRESIDING JUSTICE BURMAN delivered the opinion of the court.

The plaintiffs are the owners of two adjacent and contiguous pieces of improved property located at 1665–1703 West 103rd Street in Chicago, Illinois. The plaintiffs desire to construct a 27-unit condominium apartment building on the properties, but they cannot proceed because the properties are located in an R1 Single-Family Residence District where the construction of multiple-dwelling units is prohibited. On November 16, 1964, the plaintiff, American National Bank and Trust Company of Chicago, acting as trustee, filed an application for an amendment of the Chicago Zoning Ordinance with the Zoning Administrator. The application requested that the Chicago City Council change the zoning classification of the area in which the properties are located from an R1 Single-Family Residence District to an R4 General Residence District. The Committee on Buildings and Zoning of the Council held a hearing, and the City Council rejected the amendment on October 5, 1965. The plaintiffs on October 18, 1965, filed a complaint for declaratory judgment in the Circuit Court of Cook County in which they sought inter alia the right to erect an apartment building in conformity with the restrictions of an R3 General Residence District. After trial, the Circuit Court entered judgment for the plaintiff on December 2, 1966. The defendant, City of Chicago, appeals.

■ The defendant-appellant, City of Chicago, has filed its brief and abstract and complied with all the statutory requirements and rules of this court for prosecuting an appeal. No appearance or brief has been filed by the plaintiff-appellee. We could reverse without considering the merits of the case due to the failure of the appellee to appear and file a brief. Parkside Realty Co. v. License Appeal Commission, 87 Ill App2d 374, 231 NE 2d 654. 2 ILP, Appeal and Error, § 560. We have decided, however, to consider this case on the merits.

■ The City contends that the judgment should be reversed on the ground that the plaintiffs have failed to

exhaust the local remedies available under the Chicago Zoning Ordinance. When a property owner seeks to contest the validity and constitutionality of a zoning ordinance as a whole, he is not required to seek the local remedies provided in the ordinance before seeking judicial relief; but if the property owner seeks only to contest the validity of the zoning ordinance as applied to his property, he must exhaust the local remedies provided in the ordinance before seeking judicial relief unless seeking local relief would be futile. Bright v. City of Evanston, 10 Ill2d 178, 139 NE2d 270. The term local relief refers both to administrative and legislative relief. If the local ordinance permits a property owner to submit amendments to the zoning ordinance, a property owner must submit an amendment prior to seeking judicial relief. Reilly v. City of Chicago, 24 Ill2d 348, 181 NE2d 175. The purpose of the exhaustion requirement is to ensure that the local governmental unit has an opportunity to exercise its expertise in the field of zoning and to correct alleged errors and hardships before becoming involved in litigation. Reilly v. City of Chicago. A property owner exhausts his local remedies only with respect to the relief which he has sought and has been denied; in a subsequent judicial proceeding he can only seek the relief which he had sought on the local level. This result follows from the purpose of the exhaustion requirement. The local governmental unit must have an opportunity to correct errors and hardships before litigation commences.

 The subject property is located within the limits of the City of Chicago and is subject to the provisions of the Chicago Zoning Ordinance. Municipal Code of Chicago Chapter 194A. The Chicago Zoning Ordinance permits a property owner to submit amendments to the City Council. Municipal Code of Chicago, c 194A, § 11.9–2. The record reveals that the plaintiff American National Bank and Trust Co. of Chicago, acting as trustee, proposed an amendment to the Chicago Zoning Ordinance which would have changed the classification of the subject properties from R1 to R4. It further reveals that a committee of the Council held a hearing on the amendment and that the

Council rejected the amendment. The record does not show that the plaintiffs submitted to the Zoning Administrator and Council an amendment to the Zoning Ordinance which would have changed the zoning classification of the subject property from R1 to R3, nor does it show that the City Council considered changing the classification from R1 to R3. The City Council had no opportunity to consider the merits of reclassifying the subject property R3.

There are significant differences between an R4 and an R3 classification. An R4 classification permits a more intensive use of land than does an R3 classification, and an R4 classification authorizes twelve uses in addition to those authorized by an R3 classification.

The plaintiffs failed to exhaust their local remedies when they sought an R3 classification in court without first seeking to change the classification from R1 to R3 by amendment to the Chicago Zoning Ordinance.

The city also contends that the judgment should be reversed on the ground that the plaintiffs failed to give proper written notice of the commencement of the action for declaratory judgment to owners of property surrounding the subject property and on the ground that the plaintiffs failed to overcome the presumption of validity of the Chicago Zoning Ordinance. As a result of our disposition of the City's first contention we do not consider it necessary to pass upon these contentions.

For the reasons stated, the judgment of the Circuit Court is reversed, and the cause is remanded with directions to dismiss the Complaint.

Reversed and remanded with directions.

MURPHY and ADESKO, JJ., concur.