John P. Donohoe, J.
This motion for a judgment dismissing the amended answer herein in the above matter on the grounds that said amended answer fails to state a defense and that said amended answer has no merit as a matter of law is denied. Defendants’ cross motion for an order (1) denying plaintiff’s application in its entirety, and (2) granting defendants’ cross motion for summary judgment dismissing the complaint herein for lack of merit pursuant to CPLR 3212, is granted.
In this action for a declaratory judgment, the plaintiff sues to declare unconstitutional the Zoning Ordinance of the Town of East Fishkill, Dutchess County. The thrust of the complaint is that the zoning ordinance, which the town adopted on February 1,1963, failed to provide any zoning classification for multifamily residential use.
The underlying facts, as they are made out from undisputed allegations in the rianers, are as follows: In June, 1962, the plaintiff became the* owner of about 16.5 acres of land in the Town of East Fishkill, fronting on New York State Highway No. 376 about 880 feet and running back from the road nearly 1,000 feet. It was improved with some farm barns which had become obsolete with the advance of urban sprawl. The owner converted some of these structures to multi-family residential units, creating 69 such units with 28 attached garages in 1962. This use occupied about two acres. In those days, the town had no zoning ordinance.
On February 1,1963, East Fishkill adopted a zoning ordinance. This ordinance created four residential zones in which the permitted uses were single-family houses, a general business district, a light-industrial district, and a heavy-industrial district. It did not authorize multi-family residential use by classification or by special permit.
There is situated on the plaintiff’s property a building foundation upon which it claims it could erect 34 more separate apartment units, if it were permitted to do so. Plaintiff has attempted to obtain such permission on four occasions. In 1965 plaintiff applied to the Zoning Board of Appeals for a special permit to extend its nonconforming use to allow the construction of 34 more apartments. Section 464 of the ordinance did permit enlargements or extensions of nonconforming uses " which may not exceed fifty percent (50%) of the gross area actively occupied by such use at the time of the adoption of this Ordinance ”, but required that the owner conform to the standards for special permits provided in section 420. Under that section, the owner had to submit plans for the extension of the use to the *236 Zoning Board of Appeals in order to show whether the proposed use otherwise complied with the ordinance. The plaintiff failed to submit any plans. The Zoning Board of Appeals denied its application. Again, in 1969 plaintiff applied to the same board for substantially the same relief, without submitting the required plans and with the same result. In February, 1971, plaintiff applied to the Zoning Board of Appeals for a variance to permit the construction of the additional 34 units. Again, it failed to support its application with the plans required by the ordinance. The board again denied it. Plaintiff has not sought judicial review of any of these determinations.
In January, 1972, plaintiff requested that the Zoning Board of Appeals answer the question whether “ Hopewell Garden Apartments are either existing as a conforming use or nonconforming use ”. Plaintiff commenced this action before the board met to consider the question. It thereupon informed the plaintiff that it would not act on the application while the action was pending.
The plaintiff has attacked the zoning ordinance as an unconstitutional deprivation of property as it applies to the plaintiff. Paragraph 28 of the complaint says that the ordinance is ‘ ‘ unconstitutional in its entirety as it effects [sic] the plaintiff’s real property Paragraph 24 says that the exclusion of multifamily residence zoning ‘ ‘ denies to this plaintiff the reasonable use of its property ”.
Plaintiff’s motion is one for accelerated judgment upon the grounds that the amended answer does not state a defense and has no merit as a matter of law. The notice of motion does not specify which of the defenses are attacked. There are three separate defenses, in addition to a general denial of the allegations of the complaint. A reading of the plaintiff’s papers and memoranda does little to clear up this confusion. The motion appears to be more in the nature of an attack upon the merits of defendants’ case and would seem to be more appropriately brought under CPLB. 3212 than under subdivision (b) of CPLB 3211.
The motion fails under whatever provision it is brought.
The general denial contained in defendants ’ amended answer is sufficient to raise factual issues of whether the plaintiff has been deprived of beneficial use of its property. On a trial, plaintiff would have the burden of proving that its property is not reasonably adapted to any use for which it is zoned. It would not entitle plaintiff to prevail simply to establish that its property would be worth more if differently zoned. (Schwarts v. *237 Lee, 28 A D 2d 921, affd. 22 N Y 2d 743; Setauket Development Corp. v. Romeo, 18 A D 2d 825.)
The plaintiff still owns about 14 acres of land which are undeveloped. This land lies in a residential zone of the Town of East Fishkill. The property is situated, according to the complaint, within one-half mile of a large shopping center and two miles from a large industrial concern which employs 9,000 people. In addition to these factors, it fronts on two public highways. In these circumstances, it would be error to conclude on the basis of the papers which have been submitted that plaintiff has been deprived of the economic benefit of its property by the town’s failure to include a multi-family residence district in its zoning scheme. On the contrary, it is probable that its development potential has been enhanced by its location.
Of course, if the town were to incorporate a multi-family classification somewhere within its boundaries, there is no assurance that plaintiff’s property would lie in .that zone. In the final analysis, it appears that plaintiff’s attack is narrowly slanted at the defendants’ failure to zone its particular property for multi-family use. Such a provision would be a legislative determination, not a judicial one. As the cases cited above point out, a property owner is not entitled to have its property zoned for its highest and best, i.e., most profitable use.
The first of defendants’ affirmative defenses is that the plaintiff failed to exhaust its administrative remedy before commencing this action. Plaintiff argues that it was under no obligation to exhaust its administrative remedy because the existence of such a remedy has no connection with the constitutionality of the ordinance. Defendant rebuts this argument by contending that where the attack is upon the .constitutionality of the ordinance in its application to plaintiff’s property only, and not generally, plaintiff is not excused from exhausting administrative remedies before resorting to an action. This appears to be the prevailing view. It is the view that was adopted in Old Farm Road v. Town of New Castle (26 N Y 2d 462), where the Court of Appeals by Gibson, J. said (p. 464), “ if a statute is fairly susceptible of a constitutional construction and able to be administered in a fashion that would prevent an unconstitutional confiscation, then the administrative relief provided shall first be resorted to so that it can be determined if any injury has occurred ’ ’. To the same effect are the decisions in Pichel v. Wells (38 A D 2d 632); Elkhart v. 490 West End Ave. Co. (38 A D 2d 1); Rose v. City of New Rochelle (19 Misc 2d 599).
*238 Thus, the defense raised in the answer that plaintiff failed to exhaust its administrative remedy by .applying for a permit to extend and enlarge its nonconforming use in the manner provided in the ordinance has legal merit. It would seem that this defense must destroy plaintiff’s cause of action. Defendants’ attorney has asserted in the papers on this motion that plaintiff failed in each application to the Zoning Board of Appeals to submit the data and materials required by section 420 of the zoning ordinance. Plaintiff made no attempt to refute these claims, but only sought to traverse by arguing that the defendants’ argument was irrelevant. It is quite relevant, and crucial to the decision. The making of such a proper application was a prerequisite to the maintenance of this section and the failure to make it dooms the complaint to dismissal.
(April 12, 1973)
This motion for renewal of plaintiff’s motion for a judgment' dismissing the amended answer herein on the ground that it has no merit as a matter of law is granted and upon renewal, the motion is denied.
In an opinion dated January 22, 1973, this court held that the complaint should be dismissed] upon the ground that the plaintiff had not exhausted its administrative remedies.
Upon renewal, the plaintiff demonstrated by affidavit and exhibits that he did apply to the Zoning Board of Appeals of the defendant on five occasions for some form of administrative relief. In the first, the chairman of the board wrote, on August 13, 1964, in response to the plaintiff’s predecessor’s application for unspecified relief that ‘ ‘ In order to obtain permission for such a multiple dwelling, it is necessary to amend the Ordinance which can only be done by the Town Board.” In December, 1965, plaintiff applied to the Zoning Board of Appeals for a special permit under sections 464 and 420 of the zoning ordinance for permission to increase its multiple residence use by 50%. The board denied the application upon the ground that “it does not have the power to grant a Special Use Permit, non-permitted use, pursuant to Section 464 ”. On September 18, 1969, plaintiff applied to the board again under section 464 and attached a survey of the property and an outline of improvements to the application. The board again denied it, stating as its reason that ' ‘ we reluctantly feel that we must turn this application again since nowhere in the Zoning Ordinance can we find a ruling that we can use to give Hopewell Gardens, Inc. this use permit.” On February 8, 1971, *239 plaintiff applied again under section 464 on the ground of ‘ ‘ Extreme hardship by the illegal Zoning Ordinance that change our existing ‘ use ’. ’ ’ The board decided that ‘1 since this is the same case that has been ruled on previously, the Board has no further jurisdiction on this case. ’ ’
It must be obvious to anyone who reads section 464 of the zoning ordinance that a property owner is entitled to enlarge a nonconforming use by 50% upon producing the data required for the issuance of a special permit, provided in section 420. The Zoning Board of Appeals simply disregarded the provisions of the ordinance.
On the other hand, the plaintiff has never commenced a proceeding to review the clearly arbitrary rejection of its applications by the board. Thus, the issue is whether the plaintiff was obliged to carry the administrative proceeding through the process of judicial review to satisfy the requirement of exhausting its administrative remedy.
The words of Anderson in Zoning Law and Practice in New York .State (§ 21.07) are appropriate and useful in this regard. He says (p. 682), “ Since the power to render a declaratory judgment is a discretionary one, the courts may decline to render such a judgment if the moving litigant has an alternative remedy which is adequate to his need, and which does not require that he risk criminal prosecution, make an expansive or injurious change in his position, or pursue a course which will be both time consuming and futile.
1 ‘ A person aggrieved by an administrative ruling or a legislative act relating to zoning or subdivision control usually has an administrative remedy which is provided by statute or by ordinance. If he elects not to pursue an administrative course, or, having commenced administrative action, elects to abandon it, or, having pressed administrative action to its conclusion, elects not to employ an appeal which is available to him, the courts must determine whether such a litigant is entitled to declaratory relief.”
This court determines that the plaintiff is not so entitled.
The plaintiff’s claim has grown out of its understandable dissatisfaction with the zoning board’s refusal to grant relief to which it was entitled. Judicial review of such refusal was available under subdivision 7 of section 267 of the Town Law. Review in that form would have been ‘' adequate to the plaintiff’s needs. ’ ’
This court has already considered and rejected plaintiff’s argument that the zoning ordinance under attack is unconsti *240 tutional, as applied to the plaintiff merely because it failed to provide a multiple-residence district anywhere in the town.
The court notes in passing that the fifth and final decision of the Zoning Board of Appeals that, “ since this matter has been ruled on previously, the Board has no further jurisdiction on this ease ’ ’, appears to be an error of law. The board never passed upon the merits of the applications which plaintiff and its predecessor submitted, but always concluded, mistakenly, that they lacked authority to grant the requested relief. In any event, the board was acting in an administrative capacity, rather than a judicial one, and its determinations, even if they had been on the merits, were not judgments. They did not have the binding force of res judicata. (See 7 Carmody-Wait, New York Practice, p. 465.) If the plaintiff reapplied, it appears that the board would be obliged to entertain the application on its merits.