LANGTRY, J.
This appeal is from a circuit court decree in a zoning case in which the court found that the use by defendants of certain real property for duplex residence buildings was a nuisance in violation of the Clackamas county zoning ordinance and ORS ch 215. The decree ordered defendants to abate the nuisance *495 and enjoined them from maintaining duplex residence buildings upon the subject property.
Questions presented on appeal are: (1) whether two amendments to the county zoning ordinance were erroneously received in evidence; (2) whether either of the amendments are invalid because of vagueness or insufficient notice of public hearing prior to enactment; and (3) whether it was error to find that the county is not estopped from claiming the land is zoned to exclude the duplexes.
The complaint, besides necessary formalities, alleged passage of the original zoning ordinance in 1960, an October 31, 1969 amendment thereof, and * * At all times material herein said [defendants’] real property was and is zoned BA-1 (Bural Agriculture Single Family Besidential).” It alleged that defendants had placed upon the property two duplexes as residences for four families and asked for the relief which was subsequently granted.
In the answer defendants generally denied the complaint. In one affirmative defense they alleged that they had obtained permission from “* * * the staff of the Clackamas County Planning Commission * * *” to move the duplexes upon the property because it was “ ‘out of permit area’ ”; that permission for location of the duplexes also was granted by the Clackamas county health department; that in moving the structures upon the property they incurred substantial expense and would be required to incur substantial additional expense if they were required to move the duplexes or to separate them into single family residences; and that the permit issued by the planning staff was a result of negligence or of the fact that the property was not lawfully zoned BA-1 *496 and therefore plaintiff should be'.estopped from seeking to enforce the,-ordinance. A second affirmative defense alleged the ordinance amendments .were invalid because they were not enacted pursuant to law.. These matters were; placed at issue. The October 1969 amendment to the zoning ordinance and another amendment to the ordinance dated July 13, 1970 were received in evidence.
 Defendants contend that, inásmueh as the 1969 amendment was not pleaded by title and date of passage and the complaint made no reference to the 1970 amendment, evidence of either of them should not have been admitted. QRS 16.510 (2) provides that in pleading an ordinance it is sufficient to refer to' the ordinance by its title and date of passage and that the court shall thereupon take judicial notice thereof. Defendants’ contention stems from this statute. The contention is untenable because the complaint alleges that at all material times the property was zoned RA-1. The defendants’ general denial included this allegation. Both of the ordinance amendments were relevant to prove the facts thus at issue. It is not a question here whether the court will take judicial notice of the ordinance amendments but rather a question of proof of a fact.
The validity of the 1969 and 1970 amendments to the zoning ordinance is challenged for (a) vagueness and (b) insufficient notice of a public hearing prior to their enactment as required by the provisions of QRS 215.223 (1). That statute requires notice of public zoning hearings 10 days in advance of each hearing “* * * published in a newspaper of general circulation in the county * * Formal requisites of the published notice are not otherwise provided for.