Argued February 24, affirmed March 24, reconsideration denied
April 23, petition for review denied May 13, 1975

CULVER, *Appellant, v.* DAGG ET AL (No. 34-188),
*Respondents.*

532 P2d 1127

*Ridgway K. Foley, Jr.,* Portland, argued the cause for appellant. With him on the briefs were Souther, Spaulding, Kinsey, Williamson & Schwabe, and J. Laurence Cable and Terry C. Hauck, Portland.

*W. Louis Larson,* County Counsel, Hillsboro, argued the cause for respondents. On the brief was Edward J. Sullivan, Hillsboro.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

## SCHWAB, C. J.

The sole issue raised on this appeal is: Must a county grant each individual landowner a quasi-judicial hearing in the form outlined by *Fasano v. Washington Co. Comm.,* 264 Or 574, 507 P2d 23 (1973), when the county, having previously enacted a new comprehensive land use plan, implements that plan by adopting a zoning ordinance applicable to a substantial portion of the land in the county.

The material facts are not in dispute. Petitioner Culver purchased a 34.39-acre tract of land in Washington County in 1967. At the time of the purchase and thereafter until 1973 it was zoned in a manner which authorized its use as a mobile home park. On November 27, 1973, the Board of Commissioners of Washington County (hereinafter called Board) adopted a new comprehensive land use plan. Thereafter, the County Planning Commission recommended a zoning ordinance implementing this plan.

The recommended ordinance, hereinafter referred to as Ordinance 140, rezones at least 50 percent of all the land in Washington County. Included in Ordinance 140 was the petitioner Culver's property which by the terms of the ordinance was downzoned to exclusive farm use. The Board held a series of hearings at which interested property owners were permitted to express their points of view on the proposed ordinance and offer evidence in support of their views. At these hearings the Board did not present evidence supporting the proposed ordinance. On December 18, 1973, at one of these hearings, petitioner Culver appeared before the commissioners and presented evidence as to why his tract of land should not be downzoned. Thereafter, the Board adopted the ordinance without exempting petitioner's property, which was thus rezoned so as to not permit its use for anything but farming.

In a writ of review proceeding in circuit court petitioner Culver sought an order setting aside the change of zone and reinstating the previously existing zoning as it applied to his property. The circuit court quashed the writ and entered an order of dismissal for the reason that the proceedings by which the petitioner's property was subjected to rezoning were not quasi-judicial in nature, but legislative. Petitioner appeals from this order. Petitioner correctly states, " * * * a writ of review does not lie to test the formulation of policy or the passage of legislation * * * ."[1] We thus return to the single question: Is a general rezoning as distinguished from the re-

---

[1] "The writ shall be allowed in all cases where the inferior court, officer, or tribunal other than an agency as defined in

zoning of a small parcel of property the exercise of a legislative or a quasi-judicial function? We hold that the trial court properly decided that this function is legislative.

Until *Fasano* was decided, all zoning ordinances and amendments were considered to be legislative and, accordingly, entitled to a presumption of validity by the courts. *Smith v. County of Washington,* 241 Or 380, 406 P2d 545 (1965). In *Fasano* the Supreme Court recognized that not every zoning decision by a local governing body was legislative in nature:

> "At this juncture we feel we would be ignoring reality to rigidly view all zoning decisions by local governing bodies as legislative acts to be accorded a full presumption of validity and shielded from less than constitutional scrutiny by the theory of separation of powers * * *." 264 Or at 580.

In *Fasano,* the court was faced with the upzoning of one particular piece of property. An ordinance had been passed creating a "floating zone," P-R (planned residential), without designating any property as coming within the zone. A landowner wanted his land changed to P-R, and the board of county commissioners approved the change. Adjoining landowners ap-

---

subsection (1) of ORS 183.310 *in the exercise of judicial or quasi-judicial functions* appears to have:

"(1) Exceeded its or his jurisdiction;

"(2) Failed to follow the procedure applicable to the matter before it or him;

"(3) Made a finding or order not supported by reliable, probative and substantial evidence; or

"(4) Improperly construed the applicable law;

to the injury of some substantial right of the plaintiff, and not otherwise. The fact that the right of appeal exists is no bar to the issuance of the writ." ORS 34.040. (Emphasis supplied.)

pealed this decision. The Supreme Court held that when the board approved the zoning change for that particular piece of property it was committing a judicial or quasi-judicial act (the court uses these two terms interchangeably), because they were applying a general category to a specific situation. The court said:

> " 'It is not a part of the legislative function to grant permits, make special exceptions or decide particular cases. Such activities are not legislative but administrative, quasi-judicial, or judicial in character * * *.' *Ward v. Village of Skokie,* 26 Ill2d 415, 186 NE2d 529, 533 (1962) * * *."

The court distinguished between legislative and judicial zoning decisions in the following manner:

> "Ordinances laying down general policies without regard to a specific piece of property are usually an exercise of legislative authority, are subject to limited review, and may only be attacked upon constitutional grounds for an arbitrary abuse of authority. On the other hand, a determination whether the permissible use of a specific piece of property should be changed is usually an exercise of judicial authority and its propriety is subject to an altogether different test * * *." 264 Or at 580-81.

Essentially the same test is enunciated in Comment, *Zoning Amendments—The Product of Judicial or Quasi-Judicial Action,* 33 Ohio St L J 130, 137 (1972):

> "* * * Basically, this test involves the determination of whether action produces a general rule or policy which is applicable to an open class of individuals, interests, or situations, or whether it entails the application of a general rule or policy to specific individuals, interests, or situations. If the former determination is satisfied, there is leg-

islative action; if the latter determination is satisfied, the action is judicial."

This test is quoted by the court in *Fasano*.

The case at bars falls somewhere between the two extremes. Ordinance 140 is neither a general rule applicable to an open class nor is it merely an application of a rule to one specific parcel of property. This case involves a rezoning of over half the land in Washington County. It can be argued that the ordinance should be considered judicial in nature because it involves an application of the general rules and policies expressed in the comprehensive plan to specific tracts of land. Or the ordinance could be considered a legislative judgment by the Board concerning how large areas of the county should be used and developed.

The Law Journal article quoted above indicates that the author would characterize Ordinance 140 as legislative. He states:

"* * * [T]he action of a local government in initially enacting a comprehensive zoning ordinance will be assumed to be legislative action. Furthermore, it is assumed that major changes to the zoning map are also the product of legislative action * * *." 33 Ohio St L J at 136.

A recent article discussing *Fasano* also supports this position:

"There can be no dispute that the original passage of comprehensive plans and *zoning ordinances* is a legislative function since these actions are classified as general policy decisions which apply to the entire community. However, a zoning amendment may be differentiated on the basis that such a determination is narrowly confined to a particular piece of property and the use will generally affect only a small number of people, thus approxi-

mating an administrative exercise." Editor's comments, *Fasano v. Board of County Commissioners of Washington County: Is Rezoning an Administrative or Legislative Function?* 6 Urb Law vii, ix (1974). (Emphasis supplied.)

■ While the above quotation by its terms applies only to original zoning and not to rezoning, we can see no logical distinction. Zoning determines the permissible uses of land. It follows that any zoning, be it original zoning or rezoning, is a limitation on the use of the affected property. *See also,* 36 Op Att'y Gen 960, 965 (Or 1974).

"An example of legislative action is provided when large portions of a city or county are rezoned during a review initiated by the city or county governing body * * *."

■ We do not read *Fasano* as intending to impose upon a local governing body the duty of conducting hundreds, or possibly even thousands of judicial-type hearings when it elects to engage in comprehensive zoning or rezoning of large areas. Rather, we interpret it as stating that only by a quasi-judicial hearing as outlined in *Fasano* can the citizenry be protected from the pressures which private interests can bring to bear on a local governmental body in order to influence it in its consideration of the rezoning of a relatively small amount of property. In *Fasano* the court said:

"* * * [H]aving weighed the dangers of making desirable change more difficult against the dangers of the almost irresistible pressures that can be asserted by private economic interests on local government, we believe that the latter dangers are more to be feared." 264 Or at 587-88.

We need not here decide where the line is to be drawn in determining whether property for which rezoning is sought is so small a parcel, or held by so

few owners as to require a judicial-type hearing, or the amount of property involved is so broad in area or ownership or both as to make rezoning of it legislative; for certainly here the area being rezoned is so large, and the owners affected so many in number, that there is no significant danger of undue influence by any special private economic interests.

We are not holding that the county's action with regard to the petitioner's property is not subject to judicial scrutiny for any reason or by any means. In his brief petitioner argues, among other things, that the county's action constituted a taking without compensation. If such be the case there are courses of action open to him. All we here hold is that the enactment of Ordinance 140 was legislative in nature, and that individual property owners affected by that ordinance were not entitled to individual quasi-judicial hearings before the Board prior to the enactment of the ordinance, and that a writ of review is not the proper procedure to raise other challenges to the ordinance which may be available to petitioner.

Affirmed.