Argued October 3, affirmed November 19, 1973

BERGFORD ET UX, *Respondents, v.* CLACKAMAS
COUNTY ET AL, *Defendants,* AND TRANSPORT
SERVICE, *Appellant.*

515 P2d 1345

*John C. Anicker, Jr.,* Oregon City, argued the cause and filed the brief for appellant.

*Robert L. Mills,* Milwaukie, argued the cause and filed the brief for respondents.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

SCHWAB, C. J.

The defendant Transport Service, an Oregon corporation, operates a tank truck service as a prior nonconforming use as permitted by ORS 215.130 (5),[1]

---

[1] ORS 215.130 (5) provides:

"The lawful use of any building, structure or land at the time of the enactment of any zoning regulation or amendment thereto, may be continued as such although not in conformity with the zoning regulation, but such nonconforming uses shall not be increased, changed or resumed after a period of interruption or abandonment except in conformity with such provisions as the zoning regulations may provide."

and the Clackamas County Zoning Ordinance, Section 10.11.[2] On August 17, 1970, the defendant filed an application for an expansion of its nonconforming use under Section 10.53 of the zoning ordinance:

"Upon application the [planning commission] may allow the extension or enlargement of a non-conforming use or building."

The application was denied by the planning commission on January 25, 1971, with a statement that the request was "improperly located." It made no findings of fact. On appeal, the board of county commissioners, on June 8, 1971, approved the request of Transport Service. The board likewise made no findings of fact. The plaintiffs, neighboring noncontiguous landowners, filed this declaratory judgment action seeking to have the order approving the increase in the nonconforming use set aside. The trial court held that Section 10.53 was unconstitutional in that lack of standards to guide the commission violated the Fourteenth Amendment to the United States Constitution and, accordingly, held the order of the board authorizing the increase in the nonconforming use void.

The sole issue raised by Transport Service on this appeal relates to the constitutionality of Section 10.53. The defendant contends that when the challenged section is read in conjunction with the purpose clause[3]

---

[2] Section 10.11 provides:

"A non-conforming use may be continued although not in conformity with the regulations for the zone in which the use is located."

[3]

"1.11 This Ordinance is enacted for the purpose of promoting public health, safety, morals, comfort and general welfare; to conserve, stabilize, and protect property values; to encourage the most appropriate use of land; to provide ade-

and the interpretation clause④ of the ordinance, sufficient standards are provided to guide the planning commission. The plaintiffs, however, contend that even a reference to these provisions cannot save the ordinance.

■■ Every statute and ordinance is presumed to be constitutional and all doubt will be resolved in favor of its validity. *Perkins v. Marion County,* 252 Or 313, 448 P2d 374 (1968); *Jehovah's Witnesses v. Mullen et al,* 214 Or 281, 293, 330 P2d 5, 74 ALR2d 347 (1958), *cert denied* 359 US 436, 79 S Ct 940, 3 L Ed 2d 932 (1959). Certainty is one of the prime requisites of an ordinance; it is essential to its validity. The ordinance must be definite enough to serve as a guide to those who have a duty imposed upon them to apply the provisions of the ordinance. *Lane County v. Heintz Const. Co. et al,* 228 Or 152, 156, 364 P2d 627 (1961); *Archbishop of Oregon v. Baker,* 140 Or 600, 15 P2d 391 (1932). This is particularly applicable to zoning ordinances where an ascertainable standard is required to

quate light and air; to prevent the overcrowding of land; to avoid undue concentration of population; to lessen traffic congestion, and to facilitate adequate and economical provisions for public improvements, all in accordance with a development plan for the future development of the County, or parts thereof; to provide a method of administration and to prescribe penalties for the violations of provisions hereafter described—all as authorized by the provisions of Sections 215.010 to 215.190, and Section 215.990, Oregon Revised Statutes, and subsequent amendments." Clackamas County Zoning Ordinance.

④
"15.1 SCOPE
A.... In interpreting and applying the provisions of this Ordinance, they shall be construed as the minimum requirements for the promotion of the public safety, health, morals, and general welfare * * *." Clackamas County Zoning Ordinance.

govern officials in their grant or denial of special exceptions; otherwise, there would be an improper vesting of ungoverned and unbridled discretion that could not be reviewed in any meaningful way. 8 McQuillin, Municipal Corporations 532-34, § 25.165 (3d ed 1965); 2 Rathkopf, The Law of Zoning and Planning 54-14 to 16, § 3 (3d ed 1966); 3 Anderson, American Law of Zoning 93, § 15.07 (1968). The question is whether the ordinance in question has the required certainty.

■ We must, of course, consider the zoning ordinance as a whole to see if standards guiding the discretion of the zoning authorities in applying Section 10.53 are present:

> "* * * [W]e must consider a statute by what it authorizes and permits to be done, and, therefore, its constitutionality must be determined by what can be done under it and not what actually takes place * * *. This rule does not, however, mean that in ascertaining the presence of norms to guide delegated powers, the courts are obligated to examine only the particular section in question. The rule is in fact otherwise, and the entire act in light of its surroundings and objectives must be examined; standards need not be set forth in express terms in one particular section if they can reasonably be inferred from the statutory scheme as a whole * * *." State v. Hudson House, Inc. et al, 231 Or 164, 182, 371 P2d 675 (1962).

The general purpose clause states in part that the ordinance was enacted to promote public health, safety, morals, comfort and general welfare. Some authorities hold that such provisions are of themselves sufficient standards. Garavatti v. Fairfax Planning Com., 22 Cal App3d 145, 99 Cal Rptr 260 (1971); Fox v. Adams, 134 NYS2d 534 (S Ct 1954); Bartz v. Board of Adjustment, 80 Wash2d 209, 492 P2d 1374 (1972); see, Jehovah's Witnesses v. Mullen et al, supra at 327

(dictum); 3 Anderson, American Law of Zoning 94, 98-101, § 15.09 (1968). Here the purpose clause goes further and provides additional standards for guidance in zoning determinations, such as conserving, stabilizing and protecting property values, lessening traffic congestion, and preventing the overcrowding of land.

Furthermore, a nonconforming use is, by its very nature, a use which has been determined to be contrary to the zoning plan,[6] and one which is allowed only because to eliminate it forthwith upon adoption of a zoning plan would constitute a taking without compensation. It follows that a zoning plan, by its very existence, forbids the expansion of a nonconforming use—absent a finding by the appropriate authorities that given the choice of continuing an existing nonconforming use "as is" or allowing a proposed expansion with attendant changes in the nature of the structure, the changes will result in a situation in which the nonconforming use will be more compatible with the goals of the zoning plan than the existing nonconforming use.[6] Therefore, as we view the Clackamas County Zoning Ordinance, Section 10.53, rather than being without standards, is subject to specific and very restricted standards in its application.[7] For the foregoing reasons the claim of unconstitutionality of Section 10.53 fails.

---

[6] That Clackamas County recognized the disfavored status of a nonconforming use is evident from the provisions of the zoning code which state that if a nonconforming use is abandoned for a period of 12 months it cannot thereafter be reinstated, and that if a structure constituting a nonconforming use is 75 per cent destroyed by fire it cannot be restored as a nonconforming use.

[6] In such a situation we assume that zoning authorities would consider the expected life span of the nonconforming use without change as against the expected life span if the change is authorized.

[7] *See,* Bither v. Baker Rock Crushing, 249 Or 640, 438 P2d

■ ˙Nevertheless, the judgment of the court below must be affirmed. In *Fasano v. Washington Co. Comm.*, 264 Or 574, 507 P2d 23 (1973), the Oregon Supreme Court held:

"* * * [T]he burden of proof should be placed * * * upon the one seeking change. The more drastic the change, the greater will be the burden of showing that it is in conformance with the comprehensive plan as implemented by the ordinance, that there is a public need for the kind of change in question, and that the need is best met by the proposal under consideration. As the degree of change increases, the burden of showing that the potential impact upon the area in question was carefully considered and weighed will also increase * * *." 264 Or at 586,

and

"* * * [p]arties at the hearing * * * are entitled to an opportunity to be heard, to an opportunity to present and rebut evidence, to a tribunal which is impartial in the matter—i.e., having no prehearing or ex parte contacts concerning the question at issue—and to a record made *and adequate findings executed* * * *." 264 Or at 588. (Emphasis supplied.)

As noted above, no findings were made by the board of county commissioners, and hence its order cannot stand.

Affirmed.

---

988, 440 P2d 368 (1968). *Also see,* Erickson v. City of Portland, 9 Or App 256, 496 P2d 726 (1972), regarding a discussion of the very restrictive standards inherently applicable in an analogous situation, the consideration of a request for a variance. The standards applicable to a nonconforming use or variance must be distinguished from those applicable for a request for a conditional use which is a permitted use. See, *Jehovah's Witnesses v. Mullen et al,* 214 Or 281, 330 P2d 5, 74 ALR2d 347 (1958), *cert denied* 359 US 436, 79 S Ct 940, 3 L Ed 2d 932 (1959).