Argued September 27, judgment vacated, appeal dismissed November 15,
reconsideration denied December 15, 1976, petition for review
denied April 26, 1977

# EAGLE CREEK ROCK PRODUCTS, INC., *Appellant,*

*v.*

# CLACKAMAS COUNTY et al, *Respondents.*

## (No. 93300, CA 6107)

556 P2d 150

*Elizabeth Yeats,* Portland, argued the cause for appellant. With her on the briefs were Daniel J. Seifer, and Kobin & Meyer, Portland.

*Scott H. Parker,* Deputy District Attorney, Oregon City, argued the cause for respondents. On the brief were Roger Rook, District Attorney, and J. Ross Cravens, Deputy District Attorney, Oregon City.

Before Schwab, Chief Judge, and Fort and Thornton, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

In this writ of review proceeding petitioner appeals from a determination of the Board of Commissioners of Clackamas County, affirmed by the circuit court, that no nonconforming use existed for most aspects of petitioner's sand and gravel business.

Prior to 1973 petitioner operated its business on land in Clackamas County which was unzoned. The business included the extraction of rock and, from time to time, the operation of a rock crusher, cement plant and asphalt plant. In November 1972, Clackamas County adopted through initiative the Clackamas River Ordinance, a zoning law applicable to land bordering the Clackamas River. In December 1972, in response to petitioner's request for a preliminary opinion on a waste-discharge permit, the Department of Environmental Quality (DEQ) stated that such a permit would not be issued until Clackamas County notified DEQ that petitioner was in compliance with the Clackamas River Ordinance.[1] Petitioner then ceased operation of its business to await certification from the county.

In June 1973, petitioner's land was zoned in a manner which would not permit uses previously engaged in by petitioner. In June 1974 the Clackamas County Planning Commission responded to petitioner's many requests that the county certify to DEQ that petitioner was in compliance with the county's zoning laws by notifying petitioner that it had determined that petitioner had established a nonconforming use for the removal of rock, but had not established a

---

[1] The controversy in this case stems entirely from DEQ's requirement that petitioner be certified by the county to be in compliance with county zoning laws. We cannot understand from the record under what statutory authority DEQ was proceeding in establishing as a criterion for the issuance of waste-discharge permits compliance with local zoning laws. DEQ's powers in this regard seem to be circumscribed by ORS 468.035(1)(a) and 468.735(1), which limit DEQ's authority to matters of pollution and pollution control. We do not immediately perceive how compliance with local zoning laws could bear upon the level of pollution generated by an activity.

nonconforming use for the operation of the cement plant, the rock crusher, or the asphalt plant. Petitioner then sought declaratory relief in the circuit court, but the suit was dismissed by the court on the grounds that petitioner had not exhausted all available county administrative remedies. Petitioner did not appeal this ruling but instead sought to have the board of commissioners amend the decision of the planning commission. Upon an unfavorable ruling by the board of commissioners, petitioner filed this request for a writ of review.

On appeal, petitioner argues that the decision of the board of commissioners was not based on substantial and probative evidence and that consequently the circuit court should have allowed the issuance of the writ. We need not reach this issue, however, for we conclude that local governments lack the power to adjudicate the question of whether a landowner may continue a nonconforming use.

■ A nonconforming use of land is a use inconsistent with a zoning ordinance but which lawfully existed prior to the enactment of the ordinance. *See Clackamas Co. v. Holmes,* 265 Or 193, 508 P2d 190 (1973). The right to continue a nonconforming use is a property right specifically established by ORS 215.130(4):

> "The lawful use of any building, structure or land at the time of the enactment of any zoning regulation or amendment thereto, may be continued as such although not in conformity with the zoning regulation * * *."

*See Bergford v. Clack. Co./Trans. Serv.,* 15 Or App 362, 515 P2d 1345 (1973). As such, the existence of a nonconforming use depends only upon whether the use of the land meets the state standards established by ORS 215.130(4).

It may be necessary or desirable for a local government to hold a hearing to assist it in determining its position on whether a landowner has a nonconforming use within the state standard; for example, when a

landowner applies for a building permit. But this is not a hearing in the sense of being a quasi-judicial adjudication—meaning that the local government is the primary decisionmaker and factfinder, with its decision being judicially reviewed only for substantial evidence.

Instead, the primary jurisdiction to determine whether a nonconforming use exists lies in the circuit courts. *See Jackson v. Clackamas County Comm.,* 26 Or App 265, 552 P2d 559, Sup Ct *review denied*(1976). Such a controversy may be presented in one of three postures: (1) a suit for declaratory relief instituted by the landowner;[2] (2) a suit for an injunction instituted by the zoning authority or the landowner; or (3) a suit for mandamus by the landowner to compel the issuance of any permits withheld by the zoning authority on the grounds that the landowner was in violation of zoning ordinances. *See Jackson v. Clackamas County Comm.,* supra, 26 Or App at 269. Only through one of these avenues may the existence or nonexistence of a nonconforming use be established.

It follows that the order of the board of commissioners purporting to adjudicate whether petitioner had established a nonconforming use was a nullity. It also follows, since writ-of-review procedures are only available to review quasi-judicial determinations, that the circuit court was without jurisdiction over the present cause.

Judgment vacated; appeal dismissed.

**THORNTON, J.,** dissenting.

I cannot agree with the central conclusion of the majority opinion, namely, that "the primary jurisdic-

---

[2] As noted previously, petitioner unsuccessfully sought a declaratory judgment after the initial determination by the planning commission. Petitioner's proper remedy at that point was not to seek further action by the county, but, instead, to appeal the dismissal of its declaratory-judgment suit. We need not now decide whether petitioner's failure to appeal the dismissal of its declaratory-judgment action precludes it from bringing another declaratory-judgment action.

tion to determine whether a nonconforming use exists lies in the circuit courts." To the contrary it is my view that the circuit courts have appellate jurisdiction rather than primary jurisdiction to determine this issue. *See,* ORS 215.402 et seq. Indeed the majority opinion seems to recognize that this is a mixed question of law and fact for initial determination by the local administrative body when it states:

> "It may be necessary or desirable for a local government to hold a hearing to assist it in determining its position on whether a landowner has a nonconforming use within the state standard; for example, when a landowner applies for a building permit. * * *"

I would agree that under ORS 215.130(4) the local zoning body has no discretion in allowing the nonconforming use once that use has been properly established by the landowner. However, as I understand the scheme of ORS ch 215, the initial determination of the existence of the nonconforming use is to be made by the local zoning body after an evidentiary hearing in the same manner as any other zoning issue, except of course as to the matter of no discretion as noted in the preceding sentence. If the property owner is dissatisfied with that determination he has the right of judicial review as provided by ORS 215.422 and ORS 34.010 to 34.100, as with any other contested administrative determination in the zoning process.

Additionally, by the terms of ORS 215.180 and 215.185 the county or an aggrieved person "may, in addition to other remedies provided by law, institute injunction, mandamus, abatement or other appropriate proceedings to prevent * * * the unlawful * * * use."

Accordingly, I believe that under ORS 215.422(4) we must review this record and determine if the order of the circuit court affirming the determination of the board of county commissioners is supported by substantial evidence. ORS 34.040(3).