Argued April 26, judgment vacated; appeal dismissed June 1, 1977

1000 FRIENDS OF OREGON, *Petitioner,*
COOK et al, *Appellants,*
*v.*
BOARD OF COUNTY COMMISSIONERS,
CLACKAMAS COUNTY et al,
*Respondents, below and on appeal,*
EAGLE CREST MOBILE HOME PARK, INC.,
*Intervenor-Respondent below and respondent
on appeal.*
(No. 94801, CA 7119)

564 P2d 1080

Robert E. Stacey, Jr., Portland, argued the cause and filed the briefs for appellants.

No appearance for respondents Board of County Commissioners, Clackamas County, Oregon: Thomas D. Telford, Chairman; and Robert Schumacher and Stan Skoko.

John W. Shonkwiler, Portland, argued the cause for respondent Eagle Crest Mobile Home Park, Inc. With him on the brief was O'Donnell, Rhoades & Gerber, Portland.

Before Schwab, Chief Judge, and Richardson and Johnson, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

This writ of review proceeding is a challenge to a county decision that a property owner had established a nonconforming use and was therefore, contrary to the requirements of the applicable comprehensive plan, entitled to proceed with development of a mobile home park.

In *Eagle Creek Rock Prod. v. Clackamas Co.,* 27 Or App 371, 556 P2d 150 (1976), Sup Ct *review denied* (1977), we interpreted ORS 215.130(4)[1] as establishing a state standard to determine the existence or nonexistence of a valid nonconforming use. We also concluded that primary jurisdiction to adjudicate the facts germane to application of this state standard was in the courts, not local governing bodies.

Appellants argue the county determination here challenged is a nullity, relying on the following language from *Eagle Creek Rock Products:*

> "It may be necessary or desirable for a local government to hold a hearing to assist it in determining its position on whether a landowner has a nonconforming use within the state standard; for example, when a landowner applies for a building permit. But this is not a hearing in the sense of being a quasi-judicial adjudication—meaning that the local government is the primary decisionmaker and factfinder, with its decision being judicially reviewed only for substantial evidence.
>
> "* * * * *
>
> "It follows that the order of the board of commissioners purporting to adjudicate whether petitioner had established a nonconforming use was a nullity. * * *" 27 Or App at 374-75.

This language requires clarification.

██ When, as in this case, a local government is faced

---

[1] "The lawful use of any building, structure or land at the time of the enactment of any zoning regulation or amendment thereto, may be continued as such although not in conformity with the zoning regulation * * *." ORS 215.130(4).

with a property owner's application for various building and development permits, and passing on the application requires consideration of the owner's claim he has a vested nonconforming use, local government may follow any procedure it chooses to decide whether to grant the application.[2] The local government's decision to grant or to deny the application is not a nullity—it is valid and binding unless and until a contrary decision is made by some other tribunal, such as a circuit court. Our statement in *Eagle Creek Rock Products* that a local government's decision in this kind of situation "was a nullity" only meant that local government could not adjudicate disputed fact questions and thereby oust the courts' primary jurisdiction over the nonconforming-use issue.

■ In *Eagle Creek Rock Products,* a case in which a local government took the position that no nonconforming use existed, we stated the only procedures to judicially determine that question were:

"* * * (1) a suit for declaratory relief instituted by the landowner; (2) a suit for an injunction instituted by the zoning authority or the landowner; or (3) a suit for mandamus by the landowner to compel the issuance of any permits withheld by the zoning authority on the grounds that the landowner was in violation of zoning ordinances. * * *" (Footnote omitted.) 27 Or App at 375.

The present case, in which a local government takes the position that a nonconforming use exists, prompts us to add, if not already apparent, that an aggrieved party has the same rights to initiate the same kinds of proceedings.

■ Here, as in *Eagle Creek Rock Products,* this writ of review proceeding was not the correct way to present this controversy to the circuit court.

Judgment vacated; appeal dismissed.

---

[2] Appellants seem to argue that *Eagle Creek Rock Prod. v. Clackamas Co.,* 27 Or App 371, 556 P2d 150 (1976), Sup Ct *review denied* (1977), holds that a local government cannot initially determine its position as to the existence of a nonconforming use by conducting a quasi-judicial hearing. *Eagle Creek Rock Products* holds the exact opposite.