Submitted on record and briefs September 28, 1981,
affirmed March 8, 1982

LEAGUE OF WOMEN VOTERS
OF OREGON et al,
*Petitioners,*
*v.*
WASHINGTON COUNTY et al,
*Respondents.*
(No. LUBA 80-164, CA A20981)
641 P2d 608

Robert E. Stacey, Jr., Portland, filed the brief for petitioners.

John M. Junkin, Chief Assistant County Counsel, Hillsboro, filed the brief for respondent Washington County.

David G. Frost, Hillsboro, waived appearance for respondent Washington County Landowners' Association.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Petitioners seek judicial review of a final order of the Land Use Board of Appeals (LUBA) dismissing, for lack of jurisdiction, their appeal of a Washington County land use ordinance, enacted by initiative. We affirm.

In November, 1980, Washington County voters adopted a "Lot of Record Land Use Ordinance" placed on the ballot by initiative petition. The ordinance, by its terms, became part of the County's comprehensive land use plan. Its purpose was to take exception, under the provisions of LCDC Goal 2, to LCDC's Goals 3 and 4 by "legislatively rezon[ing]" certain land. The ordinance contains numerous "findings" by "the people of Washington County * * * for the purpose of complying with LCDC Goal 2, Part II."[1]

Petitioners sought LUBA's review of the ordinance. LUBA dismissed for lack of jurisdiction on two grounds: (1) enactment of a land use ordinance by initiative is not a "land use decision" as defined in Or Laws 1979, ch 772 (the Act), § 3, and therefore LUBA does not have jurisdiction to review it under section 4 of the Act; and (2) LUBA could not perform its review function under section

---

[1] LCDC Goal 2, Part II provides:

"EXCEPTIONS: When, during the application of the statewide goals to plans, it appears that it is not possible to apply the appropriate goal to specific properties or situations, then each proposed exception to a goal shall be set forth during the plan preparation phases and also specifically noted in the notices of public hearing. The notices of hearing shall summarize the issues in an understandable and meaningful manner.

"If the exception to the goal is adopted, then the compelling reasons and facts for that conclusion shall be completely set forth in the plan and shall include:

"(a)  Why these other uses should be provided for;

"(b)  What alternative locations within the area could be used for the proposed uses;

"(c)  What are the long term environmental, economic, social and energy consequences to the locality, the region or the state from not applying the goal or permitting the alternative use;

"(d)  A finding that the proposed uses will be compatible with other adjacent uses."

5(4) of the Act, which sets up a substantial evidence test, because there was no record.[2]

We do not reach the second ground for dismissal, because we conclude that the first ground stated by LUBA is dispositive of LUBA's jurisdiction to review. Although there is no dispute that the ordinance in question is a land use decision which must comply with the statewide planning goals and is subject to LCDC review as part of the acknowledgment process relating to the County's comprehensive plan (ORS 197.251), respondents contend the ordinance is not a "land use decision" of the kind which LUBA is empowered to review. Because LUBA is a creature of the legislature, its jurisdiction is limited by the legislation creating it.

Under section 4(1) of the Act, LUBA has jurisdiction "to review any land use decision of a city, county or special district governing body or a state agency * * *." That language is repeated in section 3(1) of the Act in defining "land use decision" as meaning:

"* * * * *

"(a)   A final decision or determination made by a city, county or special district governing body that concerns the adoption, amendment or application of:

"(A)   The state-wide planning goals;

"(B)   A comprehensive plan provision; or

"(C)   A zoning, subdivision or other ordinance that implements a comprehensive plan; or

"(b)   A final decision or determination of a state agency other than the Land Conservation and Development Commission, with respect to which the agency is required to apply the state-wide planning goals."

Petitioners appear to contend that LUBA's jurisdiction extends to any land use decision of a county. It is clear, however, that the words "governing body" used in sections 3 and 4, apply to cities and counties, as well as to special districts.

Passing that point, petitioners argue that "governing body" includes voters adopting an initiative measure.

---

[2] Those provisions were amended by Or Laws 1981, ch 748. We do not consider those amendments here.

Although it is true that in a democratic society the ultimate "governing body" is composed of the voters within a governmental unit, we think it clear that the term is not used in that broad manner in the Act. In other statutes, where the legislature intended to include the voters in the grant of authority, the legislature has expressly done so. For example, ORS 203.035 establishes authority over matters of county concern in the "governing body or the voters of a county." ORS 203.030 defines "governing body" as "the representative body vested with legislative power by statute or charter." Although those statutes are illustrative only, they demonstrate that the legislature has not used the phrase "governing body" to include the voters.

It is true, as petitioners contend, that the legislature, in enacting the Act establishing LUBA, intended to funnel review of land use decisions through LUBA, rather than through the circuit courts, both for the sake of consistency and to expedite the process. *See* Or Laws 1979, ch 772, § 1a. That Act eliminated the writ of review for local land use decisions which were quasi-judicial in nature. *See* former ORS 34.020 to 34.040. However, before the Act not all decisions were subject to writ of review procedures (*e.g.,* purely legislative acts, whether by popular vote (initiative) or by representative vote (by a governing body)), but other procedures for challenging them were available. The Act has not changed that situation.

It may be that the legislature did not foresee the problem before us when it enacted Or Laws 1979, ch 772. However, it is not our function to speculate on such matters and to fill a possible "gap" retroactively by speculating what the legislature would have provided had it considered the problem.[3] The ordinance in question is not a "land use decision" of a county "governing body" within the meaning of the Act. Accordingly, LUBA properly dismissed the petition for want of jurisdiction.

Affirmed.

---

[3] We note that respondent Washington County Landowners Association requested introduction of HB 2684 at the 1981 regular session of the legislature, which would have provided in part: " 'Land use decision' does not include an amendment to a comprehensive plan adopted by the voters as an initiative measure." That bill was not enacted.