# LEAGUE OF WOMEN VOTERS
## OF OREGON et al,
*Appellants,*

*v.*

# WASHINGTON COUNTY et al,
*Respondents,*

## (No. 41-924, CA A22252)

646 P2d 655

Robert E. Stacey, Jr., Portland, argued the cause and filed the brief for appellants.

Dan R. Olsen, Assistant County Council, Hillsboro, argued the cause and filed the brief for respondent Washington County.

David G. Frost, Hillsboro, waived appearance for respondent Washington County Landowners Association.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiffs appeal the trial court's dismissal of this declaratory judgment action for lack of subject matter jurisdiction. Plaintiffs sought to have declared invalid a Washington County ordinance adopted through the initiative process, contending, *inter alia,* that the ordinance amended the county's comprehensive plan in ways that violated the statewide planning goals and that the adoption of the ordinance through an initiative measure was unlawful because required quasi-judicial procedures were not followed. The apparent bases for the county's motion to dismiss and the court's granting of the motion were, first, that another proceeding involving the same parties and issues was then pending before the Land Use Board of Appeals (LUBA); and, second, that the acknowledgment and enforcement authority of the Land Conservation and Development Commission (LCDC) under ORS 197.251 and 197.320 constitute special statutory remedies for resolution of the issues raised by plaintiffs and therefore preclude plaintiffs from bringing this action. We reverse.

■ Before this action was dismissed by the trial court, LUBA dismissed the proceeding before it on the ground that it had no jurisdiction under Oregon Laws 1979, chapter 772 to consider appeals involving land use measures adopted through the initiative process. While the present appeal was pending, we affirmed LUBA's dismissal order. *League of Women Voters v. Washington County,* 56 Or App 217, 641 P2d 608 (1982).[1] It is problematical at best whether a proceeding can be "pending" if the tribunal where it has been brought has no jurisdiction over it and has dismissed the proceeding. *See Wolfe Investments, Inc. v. Shroyer,* 240 Or 549, 402 P2d 516 (1965). In any event, the LUBA proceeding is clearly not pending *now.* There is no reason at this point in time to foreclose plaintiffs from pursuing this action on the ground that there is another pending proceeding involving the same parties and issues.

■ We also disagree with the county's argument that special statutory remedies exist which are inconsistent with the maintenance of this action. As far as the record

---

[1] The amendments to the 1979 LUBA Act in Oregon Laws 1981, chapter 748 were not relevant to our disposition of that appeal, *see* 56 Or App at 220, n 2, and are not relevant here.

before us shows, the county's comprehensive plan has not been acknowledged. It is clear that, if the challenged ordinance had been adopted by the county governing body rather than through an initiative measure, LUBA would have had jurisdiction over at least some of the allegations which plaintiffs make here. *See* Or Laws 1979, ch 772, §§ 4, 5 and 6. The facts that the county's comprehensive plan will ultimately be subject to LCDC acknowledgment proceedings and that LCDC has certain statutory enforcement authority[2] would not defeat LUBA's jurisdiction to consider an appeal concerning the ordinance, had the governing body enacted it. *See Woodcock v. LCDC,* 51 Or App 577, 626 P2d 901, *rev den* 291 Or 151 (1981). There is no logical reason why the circuit court's jurisdiction here should be any more affected by the existence of LCDC's statutory responsibilities. Moreover, plaintiffs raise at least one issue in their complaint that LCDC will have no occasion to consider in the acknowledgment process or otherwise, *i.e.,* whether the adoption of the ordinance was invalid because required quasi-judicial procedures were not followed. *But see Allison v. Washington County,* 24 Or App 571, 548 P2d 188 (1976).

We decline to construe the legislative scheme in effect at the time this action was brought to deny plaintiffs a judicial remedy under these circumstances, where the administrative remedy that the legislation created was unavailable for reasons which have nothing to do with the substance of the issues plaintiffs seek to raise. There may be jurisdictional or justiciability problems in this case, but that cannot be resolved on the basis of the limited record before us.[3] We conclude that it was error for the trial court to dismiss any part of the complaint at this point in the proceedings.

Reversed and remanded.

---

[2] Plaintiffs argue that no grounds exist for an ORS 197.320 LCDC enforcement order in connection with the issues in this case.

[3] For example, there *may* be doubt whether plaintiffs' goal violation allegations can be adjudicated in this action if the challenged land use decision is one which should have been made through quasi-judicial rather than legislative procedures. However, plaintiffs also raise the issue whether quasi-judicial procedures *were* required and, if so, whether the ordinance could validly be adopted through an initiative measure. *See Allison v. Washington County, supra.*