Argued and submitted April 9, 1982, resubmitted In Banc February 9, affirmed June 22, 1983

## TURNER,
*Appellant,*

*v.*

## LANE COUNTY,
*Respondent.*

### (16-81-02630; CA A22031)

665 P2d 370

David Allen Filer, Eugene, argued the cause for appellant. On the brief was Gary K. Jensen, P.C., Eugene.

Dana A. Anderson, Assistant County Counsel, Eugene, argued the cause and filed the brief for respondent.

WARREN, J.

Rossman, J., dissenting.

## WARREN, J.

Plaintiff appeals the dismissal of her petition for writ of review challenging a decision of a Lane County Infractions Section hearings officer that ordered her to pay $100 to the county because plaintiff's building and her use of her property violated zoning and other provisions of the Lane County Code. We affirm.

At the infractions hearing, plaintiff moved to dismiss the complaint on the grounds that she had established a right to continue her nonconforming use of the property for retail sales and a vested right to a nonconforming use to complete construction of a building. The hearings officer found that plaintiff had not established a nonconforming use or a vested right. He applied the county zoning ordinance and assessed the $100 forfeiture. Plaintiff filed a petition for a writ of review in circuit court, alleging that the hearings officer's decision was not supported by substantial evidence and that he incorrectly construed the law concerning nonconforming uses and vested rights. The court granted defendant's motion to dismiss the petition on the ground that it lacked jurisdiction over the subject matter.

ORS 34.020 defines the subject matter jurisdiction of circuit courts for writs of review:

"Except for a proceeding resulting in a land use decision as defined in ORS 197.015, for which review is provided in sections 4 to 6, chapter 772, Oregon Laws, as amended by sections 35 to 36a, chapter 748, Oregon Laws 1981, any party to any process or proceeding before or by any inferior court, officer, or tribunal may have the decision or determination thereof reviewed for errors, as provided in ORS 34.010 to 34.100, and not otherwise. * * *"

In *Forman v. Clatsop County,* 63 Or App 617, 665 P2d 365 (1983), we held that final decisions by a local government concerning vested rights to a nonconforming use are land use decisions within the meaning of ORS 197.015, reviewable exclusively by the Land Use Board of Appeals (LUBA). *Forman* is controlling here. The final decision by the Lane County hearings officer that plaintiff failed to establish a vested right and a nonconforming use was reviewable only by LUBA. Therefore, the circuit court lacked subject matter jurisdiction and did not err in dismissing plaintiff's petition.

Affirmed.

**ROSSMAN, J.,** dissenting.

Plaintiff contends that the decision by the county hearings officer is the type contemplated by the statutes governing writs of review. ORS 34.010 to 34.100. She relies on ORS 34.040, which provides:

"The writ shall be allowed in all cases where the inferior court including a district court, officer, or tribunal other than an agency as defined in ORS 183.310(1) *in the exercise of judicial or quasi-judicial functions* appears to have:

"(1)   Exceeded its jurisdiction;

"(2)   Failed to follow the procedure applicable to the matter before it;

"(3)   *Made a finding or order not supported by substantial evidence in the whole record;*

"(4)   *Improperly construed the applicable law;* or

"(5)   Rendered a decision that is unconstitutional,

"to the injury of some substantial interest of the plaintiff, and not otherwise. The fact that the right of appeal exists is no bar to the issuance of the writ." (Emphasis supplied.)

Plaintiff argues that the decision of the hearings officer was made "in the exercise of judicial or quasi-judicial functions" and is based on an improper "construction of the applicable law"; therefore, according to plaintiff, the decision is reviewable through the writ of review procedure.

A writ of review proceeding is not the correct way to challenge a local government decision that a property owner has or has not established a nonconforming use. In *Eagle Creek Rock Prod. v. Clackamas Co.,* 27 Or App 371, 556 P2d 150 (1976), *rev den* 278 Or 157 (1977), we concluded that (1) the right to continue a nonconforming use is a property right

established by statute,[1] (2) the existence of the right depends on the application of the statutory standard and (3) the primary jurisdiction to determine the existence of a nonconforming use lies in the circuit courts. Accordingly, we held that local governments lack the power to adjudicate the existence of a nonconforming use and that a circuit court in a writ of review proceeding is without jurisdiction to affirm an order of a board of commissioners purporting to do that. *See also 1000 Friends of Oregon v. Clackamas Co. Comm.,* 29 Or App 617, 564 P2d 1080 (1977).[2] The *only* procedures to determine the nonconforming use question judicially are:

> "* * * (1) a suit for declaratory relief instituted by the landowner; (2) a suit for an injunction instituted by the zoning authority or the landowner; or (3) a suit for mandamus by the landowner to compel the issuance of any permits withheld by the zoning authority on the grounds that the landowner was in violation of zoning ordinances.* * *" *1000 Friends of Oregon v. Clackamas Co. Comm., supra,* 29 Or App at 620 (quoting *Eagle Creek Rock Prod. v. Clackamas Co., supra,* 27 Or App at 375; footnotes omitted.)

Assuming that Lane County has the authority to establish the hearing procedure by which plaintiff was found to

---

[1] ORS 215.130(4) provides:

"The lawful use of any building, structure or land at the time of the enactment of any zoning regulation or amendment thereto, may be continued as such although not in conformity with the zoning regulation * * *."

ORS 215.130(4) was amended by Or Laws 1977, ch 766, § 5 and Or Laws 1979, ch 610, § 1, and is now ORS 215.130(5), which provides:

"The lawful use of any building, structure or land at the time of the enactment or amendment of any zoning ordinance or regulation may be continued. Alteration of any such use may be permitted to reasonably continue the use. Alteration of any such use shall be permitted when necessary to comply with any lawful requirement for alteration in the use. A change of ownership or occupancy shall be permitted."

[2] Plaintiff attempts to distinguish these cases by pointing out that in this case the challenged decision was not made by "a board of commission *[sic]*" but by an "officer of the courts" of Oregon on the basis of a "trial-type" hearing on the record. Relying on *Neuberger v. City of Portland,* 288 Or 155, 603 P2d 771 (1979), and *Strawberry Hill 4-Wheelers v. Benton Co. Bd. of Comm.,* 287 Or 591, 601 P2d 769 (1979), plaintiff contends that "the use of the writ has been allowed as a procedure for judicial review of many types of decisions by local government as long as those decisions were of a judicial or quasi-judicial nature." Resolution of the question here, as in *Eagle Creek Rock Prod. v. Clackamas Co., supra,* and *1000 Friends of Oregon v. Clackamas Co. Comm., supra,* does not depend on an analysis of the form or context of the local government determination but on the substance of the issue the local government purports to decide. The question is one of jurisdiction.

have violated certain provisions of the Lane Code, the hearings officer had no jurisdiction to adjudicate the existence or non-existence of the vested property right plaintiff claimed. When plaintiff asserted a nonconforming use as a defense to the alleged zoning violation, the hearings officer lost jurisdiction to proceed further, because whether or not there was a zoning violation depended on the existence of plaintiff's claimed vested property right. At that point, the proceeding should have been stayed until the circuit court, exercising its primary jurisdiction, had resolved the issue, or a new proceeding should have been commenced by the county in the circuit court.

ORS 30.040(1) provides that the writ shall be allowed in all cases where the inferior court or tribunal, in the exercise of judicial or quasi-judicial functions, appears to have exceeded its jurisdiction. That is the case here, and even though plaintiff did not assert that ground as a basis for allowing the writ, once it has been determined that subject matter jurisdiction is lacking, the case should be disposed of on that ground. *See Rynearson v. Union County,* 54 Or 181, 102 P 785 (1909).

As for the majority's holding that this is a case for LUBA, for the same reasons stated in my dissenting opinion in *Forman v. Clatsop County,* 63 Or App 617, 665 P2d 365 (1983), I believe that the existence of LUBA has absolutely nothing to do with the resolution of the question presented here.

Both case law and common sense make it clear that it is not appropriate for an "infractions hearings officer" to adjudicate questions involving substantial legal rights in real property. Traditionally, that has been the province of the courts, and it should remain so. Accordingly, in my opinion, we should reverse with instructions to allow the writ and remand the case to the hearings officer to dismiss the proceeding.

Richardson, Buttler and Young, J.J., join in this dissent.