Argued and submitted April 4, affirmed November 30, 1983, reconsideration denied January 13, petition for review denied February 8, 1984 (296 Or 411)

MEHRING et al,
*Appellants,*

*v.*

ARPKE et al,
*Respondents.*

(30655; CA A26136)

672 P2d 382

Ronald L. Saxton, Portland, argued the cause for appellants. With him on the briefs was Lindsay, Hart, Neil & Weigler, Portland.

Ronald L. Marceau, Bend, argued the cause and filed the brief for respondents Arpke and Durdan.

Richard L. Isham, Deschutes County Legal Counsel, Bend, filed the brief for respondent Deschutes County.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

Rossman, J., specially concurring.

Buttler, P.J., dissenting.

## WARREN, J.

Plaintiffs appeal from a circuit court order granting defendants' motion to dismiss this action for lack of jurisdiction. We affirm.

In April, 1978, defendants, developers of Indian Ford Ranch, received county approval for a proposed condominium development and zone change for Lake Village as a "Planned Development" zone. In November, 1979, before construction on the project, the county changed its zoning laws in a manner which would preclude defendants' proposed use. In October, 1980, the county approved defendants' site plan for the project authorizing construction of 175 condominium units based on the 1978 zone change. The site plan approval was not challenged.

In October, 1981, plaintiffs brought this action to enjoin the planned development under ORS 215.185, which provides:

"In case a building or other structure is, or is proposed to be, located, constructed, maintained, repaired, altered, or used, or any land is, or is proposed to be, used, in violation of an ordinance or regulation designed to implement a comprehensive plan, the governing body of the county or a person whose interest in real property in the county is or may be affected by the violation, may, in addition to other remedies provided by law, institute injunction, mandamus, abatement, or other appropriate proceedings to prevent, temporarily or permanently enjoin, abate, or remove the unlawful location, construction, maintenance, repair, alteration, or use. When a temporary restraining order is granted in a suit instituted by a person who is not exempt from furnishing bonds or undertakings under ORS 22.010, the person shall furnish undertaking as provided in ORCP 82 A.(1)."

Plaintiffs contend that the development project is in violation of the 1979 zoning of the property as rural residential[1] and argue that the 1978 zoning change and project approval thereunder are ineffective in the light of the 1979 changes. Plaintiffs claim that defendants must, but have failed to, establish a vested right in order to proceed as a

---

[1] Rural residential zoning requires a minimum of ten acres per structure. Plaintiffs contend that the proposed development project would have a density over 29 times greater than permitted by rural residential zoning.

nonconforming use. The essence of plaintiffs' contention is that, there being no vested rights, the site plan approval is unlawful in view of the 1979 zoning ordinance.

Defendants filed a motion to dismiss, claiming that the circuit court lacked jurisdiction to review the county's decision to grant the site plan approval. Defendants argue that the approval is a "land use decision" under Or Laws 1979, ch 722, § 3(1)[2] and that review of the county's action is, therefore, within the exclusive jurisdiction of the Land Use Board of Appeals (LUBA) under Or Laws 1979, ch 772, § 4(1),[3] which provides:

> "Review of land use decisions under sections 4 and 6 of this 1979 Act shall be commenced by filing a notice of intent to appeal with the Land Use Board of Appeals. Subject to the provisions of section 6a of this 1979 Act relating to judicial review by the Court of Appeals, the board shall have exclusive jurisdiction to review any land use decision of a city, county or special district governing body or a state agency in the manner provided in sections 5 and 6 of this 1979 Act."

Plaintiffs' claim (1) that the trial judge erred in finding that the county had made a "land use decision" and (2) that the circuit court has jurisdiction under ORS 215.185 to adjudicate plaintiffs' claim.

■ The first issue is resolved by *Hilliard v. Lane County Commrs.*, 51 Or App 587, 592, 626 P2d 905, *rev den* 291 Or 368 (1981), where we held that a site review approval is an

---

[2] Or Laws 1979, ch 772, § 3(1) provided:

"(1) 'Land use decision' means:

"(a) A final decision or determination made by a city, county or special district governing body that concerns the adoption, amendment or application of:

"(A) The state-wide planning goals;

"(B) A comprehensive plan provision; or

"(C) A zoning, subdivision or other ordinance that implements a comprehensive plan; or

"(b) A final decision or determination of a state agency other than the Land conservation and Development commission, with respect to which the agency is required to apply the state-wide planning goals.

"* * * * *"

[3] This statute was *amended by* Or Laws 1981, ch 748, § 4(1). The amendments made no substantive change in LUBA jurisdiction.

application of an ordinance which implements the comprehensive plan, Or Laws 1979, ch 772, § 3(1),[4] and therefore comes within the definition of "land use decision" reviewable exclusively by LUBA. Defendant developers in this case received site review approval from Deschutes County in October, 1980. They continued to proceed with their project, relying on the county's determination that their project was within the comprehensive plan. Because the 1980 site plan approval was a "land use decision" under Or Laws 1979, ch 772, § 3(1), LUBA has "exclusive jurisdiction" to review it, Or Laws 1979, ch 772, § 4(1), and the circuit court was correct in granting defendants' motion to dismiss for lack of jurisdiction.[5]

We cannot agree with plaintiffs' contention that ORS 215.185 provides a judicial remedy for a proposed violation of a comprehensive plan and zoning ordinance in a case where defendants' actions are taken in accordance with a "land use decision" by a local government.

In enacting Or Laws 1979, ch 772, establishing LUBA, the legislature intended to furnish review of land use decisions in LUBA, rather than the circuit courts, both for the sake of consistency and to expedite the process. *League of Women Voters v. Washington County*, 56 Or App 217, 221, 641 P2d 608 (1982). ORS 215.185 has been in effect since 1955. Before the creation of LUBA, it might well have been applicable to the facts of this case. However, in view of the exclusive jurisdiction of LUBA over land use decisions, whatever continued application it may have, it cannot apply to this case. As the trial court pointed out, the ultimate result of allowing plaintiffs to use an action under ORS 215.185 to review defendants' site plan approval a year after it was granted

---

[4] The definition of "Land use decision" was *amended by* the 1981 Legislature and is now contained in ORS 197.015(10). Those amendments do not affect the outcome in *Hillard* or in the present case.

[5] Plaintiffs argue that the site plan review was not a "decision" of local government, because it failed to comply with ORS 192.610(1) public meeting notice requirements. The record is inadequate to evaluate this claim. Plaintiffs fail to explain how ORS 192.610(1) applies to land use laws, or what kind of notice is required. They fail to set out facts sufficient to determine whether they were entitled to notice under that statute. We cannot tell from the record whether plaintiffs owned their property at the relevant time or the location of plaintiffs' property with respect to the proposed development.

would be that any person not satisfied with a land use decision by a local governing body could make a similar allegation and litigate the matter in circuit court. That clearly was not the intent of the legislature. It intended that review of land use decisions be expedited in a single forum having exclusive jurisdiction.

■ We hold that the circuit court does not have jurisdiction under ORS 215.185 to resolve disputes in which the alleged activity is taken pursuant to a "land use decision" by a local governing body.

The dissent is based on the premise that, if the county approved a site plan without requiring the developers to show a vested right, LUBA does not have exclusive jurisdiction. It appears to argue that LUBA does not have exclusive jurisdiction because the local decision was wrong. Whether or not the site plan was erroneously approved is not the issue. If it is conceded that site approval should not have been given, the question remains which forum, LUBA or the circuit court, has jurisdiction to correct the error.

A site plan approval is a land use decision. However wrong and for whatever reason the local decision was wrong, the legislature has given LUBA exclusive jurisdiction to correct errors in land use decisions. Whatever ORS 215.185 authorized before the creation of LUBA, the vesting in LUBA of exclusive jurisdiction over land use decisions by definition leaves no jurisdiction elsewhere.

Affirmed.

**ROSSMAN, J.,** specially concurring.

I agree with the underlying position taken by Judge Buttler, and were it not for *Forman v. Clatsop County,* 63 Or App 617, 665 P2d 365 (1983), I would join in his dissent. However, until it is reversed, that decision governs the disposition of the issues raised in this case.

**BUTTLER, P. J.,** dissenting.

Plaintiffs allege that in 1978 defendants IFM Associates applied for, and defendant Deschutes County approved, a "designation" of "Planned Development" on real property in the recreational development known as Indian Ford Ranch. In 1979, the county, as part of the enabling ordinances enacted to

effectuate its comprehensive plan, re-zoned the property to RR-10, which requires a minimum of ten acres for each residential unit. In 1980, the county approved IFM's site plan review, which provided for 175 condominium units, or three units per acre.

Because the proposed use violates the existing county zoning ordinance, plaintiffs brought this proceeding pursuant to ORS 215.185, which expressly authorizes them to do so. The majority's response is that the county's approval of the site plan was a land use decision that could only have been reviewed by LUBA. That response is flawed, because IFM's proposed use violates the zoning ordinance *unless* IFM had acquired a vested right to that use prior to the 1979 re-zoning that prohibited it. Until our recent decision in *Forman v. Clatsop County,* 63 Or App 617, 665 P2d 365, *rev allowed* 296 Or 56 (1983), LUBA has held that it does not have jurisdiction to decide whether any person has a vested right to make a particular use of property.

Although in *Forman* a majority of this court, in banc, held that LUBA has exclusive jurisdiction to *review* a local governmental body's determination of a person's vested right to continue a preexisting non-conforming use, and overruled *Eagle Creek Rock Prod. v. Clackamas County,* 27 Or App 371, 556 P2d 150 (1976), *rev den* (1977); *1000 Friends of Oregon v. Clackamas Co. Comm.,* 29 Or App 617, 564 P2d 1080 (1977), and *Eklund v. Clackamas County,* 36 Or App 73, 583 P2d 567 (1978), the Supreme Court has granted the petition for review. Until that court has disposed of that case, I adhere to my view that jurisdiction to determine the existence or non-existence of a vested right in real property rests with the circuit court and not with the local governing body or LUBA.

More importantly, the posture of this case is such that we do not know whether the county made a determination of IFM's vested rights. Plaintiffs allege that no public notice was given of the county's site plan review and approval and that they did not have actual notice. There is no allegation that the county made a vested rights determination or that the issue was raised before the local body. On defendants' motion to dismiss, all we know is that the defendant county approved a site plan that violates its zoning ordinances and that IFM's

proposed use violates "an ordinance or regulation to implement a comprehensive plan" within the meaning of ORS 215.185. On these facts, even the majority in *Forman* recognized that these plaintiffs are entitled to maintain this action. The majority opinion said:

> "Nothing in the legislation creating LUBA expressly or impliedly precludes the circuit courts from exercising original jurisdiction over declaratory judgment actions to decide vested rights issues raised initially in that forum. The circuit courts' decisions are reviewable by this court. However, when a vested rights issue is submitted to and finally decided by a local government, LUBA has exclusive jurisdiction to review that issue arising in that forum. The original vested right determination can be made by either the local government in the context of determining the application of a zoning ordinance or by the circuit court but not both." 63 Or App at 621.

If the majority here and in *Forman* are correct, and if LUBA's review of the site plan approval had been sought, LUBA could not have affirmed the local action, because the proposed use clearly violates the county zoning ordinance. LUBA has no authority to conduct an evidentiary hearing to determine whether IFM had acquired a vested right to proceed with the proposed use. *See* Or Laws 1979, ch 772, § 4(7) (*amended by* Or Laws 1981, ch 748, § 61). Accordingly, LUBA could have reversed outright or remanded for further proceedings. In either case, these plaintiffs would be free, even under *Forman,* to bring and maintain this action. Until it has been established that the county decided the vested rights question, *Forman* is not applicable.

The majority, acting in a vacuum, holds that these plaintiffs have no remedy. For all that appears here, this proceeding under ORS 215.185 in the circuit court is an attempt to have that court exercise its "original jurisdiction" over a declaratory judgment action "to decide vested rights issues raised initially in that forum."

Because I think the motion to dismiss should not have been granted, I would reverse and, therefore, dissent.